United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JASWINDER SINGH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-197 |
| | § | |
| WARDEN OF THE PORT ISABEL | § | |
| DETENTION CENTER, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Jaswinder Singh is currently detained by Immigration and Customs Enforcement at the Port Isabel Service Processing Center in Cameron County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).  Petitioner bases his habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which foreclosed Petitioner's statutory arguments.

Petitioner contends that *Buenrostro* did not address whether the Fifth Amendment's Due Process Clause permits Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. (Response, Doc. 5)  The Court concludes that Petitioner's remaining claim lacks merit.

Other courts have considered arguments substantively similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is

1 / 2

satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.  Accordingly, it is:

**ORDERED** that Petitioner Jaswinder Singh's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on March 26, 2026.

Fernando Rodriguez, Jr.
United States District Judge

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

2 / 2